UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2007-A, HOME EQUITY MORTGAGE LOAN ASSET-BACKED CERTIFICATES SERIES INABS 2007-A,<br><br>Plaintiff,<br><br>v.<br><br>STEWART TITLE INSURANCE COMPANY,<br><br>Defendant. | CASE NO:_____<br><br><br>CIVIL ACTION COMPLAINT |

NOW COMES Deutsche Bank National Trust Company, As Trustee For Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2007-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2007-A ("Deutsche Bank") for its Complaint against Defendant Stewart Title Insurance Company ("Stewart"), by its attorneys Duane Morris, LLP, and states as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment and breach of contract, which follows a loss sustained under a title insurance policy on May 14, 2019, when Deutsche Bank's Judgment in Foreclosure, which applied to two lots, Lot 23 and Lot 24, was amended to exclude from the Judgment in Foreclosure, Lot 23 on the basis that it was not owned by the mortgagor at the time he executed Deutsche Bank's Mortgage.

2. Through this action, Deutsche Bank seeks an order declaring that the title insurance policy issued by Stewart covers the loss, and also that Stewart breached its contract

1

when it failed to pay the value of Deutsche Bank's loss or otherwise take steps required by the title insurance policy.

## THE PARTIES

3. Deutsche Bank is a national banking association, existing pursuant to the laws of the United States of America, with its main and principal place of business located at 1761 East St. Andrew Place, 2nd Floor, Santa Ana, California 92705. It is therefore a citizen of California.

4. Defendant Stewart is a New York corporation with its principal place of business located at 60 East 42nd Street, Suite 1260, New York, New York. It is therefore a citizen of New York.

## JURISDICTION AND VENUE

5. The subject matter of the action is within the original jurisdiction of the district court pursuant to 28 U.S.C. § 1332(a)(1). The parties are of diverse citizenship, as Deutsche Bank is and was at the time of this filing, a national banking association with it main office located in the state of California, and Stewart is incorporated in and has its primary place of business in New York.

6. The total amount in controversy on Deutsche Bank's claim, exclusive of interest and costs, is in excess of $75,000.00.

7. Venue is proper under 28 U.S.C. § 1391 because the sole defendant is located in the Southern District of New York.

**COUNT I – DECLARATORY JUDGMENT**

8. Deutsche Bank incorporates by reference its allegations above, as though more fully set forth herein at length.

9. On December 4, 2008, IndyMac Bank, FSB ("IndyMac") entered into a loan transaction with Dennis Gandley ("Gandley"), by which Deutsche Bank lent to Gandley the sum of $210,000.00 (the "loan").

10. The loan was evidenced by a Note (the "Note"), and intended to be secured by a Mortgage (the "Mortgage") on Gandley's property known as 23 Hamlock Drive, Mastic Beach, Suffolk County, New York (the "Property"). A true and correct copy of the Note and Mortgage are attached hereto as Exhibits "A" and "B", respectively.

11. The Note was indorsed in blank and delivered to Deutsche Bank, as evidenced on the original Note. *See* Exhibit "A".

12. The Mortgage was granted to Mortgagee Mortgage Electronic Registration Systems, Inc. ("MERS"), but solely as nominee for IndyMac. *See* Exhibit "B".

13. By Assignment dated January 10, 2011, MERS assigned the Mortgage to Deutsche Bank. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C".

14. In conjunction with the closing of loan transaction, Stewart issued to IndyMac, it successor and assigns as their interest may appear, that certain Loan Policy of Title Insurance bearing Serial No. M-8832-986300 (the "Policy") which insures IndyMac, its successor and assigns as their interest may appear (the "Insured"), in the first mortgage position on the Property. A true and correct copy of the Policy is attached hereto as Exhibit "D".

15. The Policy has a limit of liability in the amount of $210,000. *See* Ex. D.

16. The Policy provides, without meaningful qualification, that the Insured's mortgage is a first priority mortgage, and insured against loss or damage, sustained or incurred by the insured by reason of, *inter alia*,

    1. Title to the estate or interest described in Schedule A being vested other than as stated therein;

*   *   *

    6. The priority of the lien or encumbrance over the lien of the insured mortgage.

*   *   *

The company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions.

*See* Exhibit "D".

17. At some point in time, Gandley owned two lots. One lot is commonly known as lot 23, and is designated on Tax Map of Suffolk County as District 0200, Section 982.10; Block 0200, Lot 023.000 ("Lot 23"). It was conveyed to Gandley by Deed dated October 7, 1999, and recorded October 19, 1999.

18. The other lot is designated District 0200, Section 982.10, Block 02.00, Lot 024.000 ("Lot 24"). It was conveyed to Gandley by Deed dated June 27, 2000 and recorded on July 12, 2000.

19. However, unknown to IndyMac, prior to the time the Loan was made, on December 6, 2006, Gandley conveyed Lot 23 to L.I. Property, Inc. on October 6, 2005.

20. On Schedule A of the Policy, title to the Property is stated to be vested in Dennis Gandley. Schedule A of the Policy, however, describes the Property in three different ways: (i) by Schedule A Description; (ii) by the Section, Block and Lot number; and (iii) by the street address:

> 5. The land referred to in this policy is described as follows:
>
>    See Schedule A Description, attached hereto and made a part hereof.
>
>    Section: **982.10**    Block: **02.00**    Lot: **024.000**
>
>    Property Address:    23 Hemlock Drive, Mastic Beach, New York  11951

*See* Exhibit D.

21. The Schedule A Description on the Policy refers to Lot 24. *Id*.

22. The Section, Block and Lot on the Policy refers to Lot 24. *Id*.

23. The Property Address on the Policy refers to Lot 23 and 24, which join each other and which makes up a single property used by Gandley. *Id*.

24. Lot 24 is vacant property.

25. The Legal Description attached to the Mortgage references the address for Lot 23, that being 23 Hemlock Drive, Mastic Beach, New York, but the legal description (which is the same legal description attached to the Policy) refers to Lot 24.

26. On August 26, 2013, attorneys for the Insured made Stewart aware of a possible issue with Mortgage, alerted Stewart of the potential issue related to the discrepancy between the legal description and the Property's address as contained in the Mortgage.

27. Stewart took no action to correct the aforementioned title defect.

28. On August 13, 2015, Deutsche Bank filed a foreclosure action in the Suffolk County Supreme Court under Index No. 608778/2015 (the "Foreclosure Action").

29. The Foreclosure Action sought a judgment of foreclosure and sale. It also sought to reform the mortgage to correct the mistake on the Mortgage that contained the correct property address, but the wrong legal description.

30. None of the Defendants named in the Foreclosure Action appeared in the case, and on January 24, 2018, and an Order of Reference was entered (the "Order of Reference").

31. In the Order of Reference, the Court struck, without explanation, the portion of the proposed order that would have reformed the mortgage to contain the corrected legal description, but did enter the Order of Reference.

32. On July 13, 2018, a Judgment of Foreclosure and Sale was entered.

33. On August 16, 2018, a Notice of Sale was filed for the sale of 23 Hemlock Drive, Mastic Beach, New York 11951.

34. On September 18, 2018, the Court issued an Order to Show Cause brought by Shannon Gandley (the surviving daughter of Gandley, who had since the filing of the Foreclosure Action, died). Shannon Gandley was seeking an Order staying the foreclosure sale, and dismissing the foreclosure insomuch as it sought to foreclose on Lot 23, and requiring the foreclosure sale to go forward only against Lot 24.

35. On November 28, 2018, Deutsch Bank filed a response to the Order to Show Cause, and also sought to reform the mortgage to provide for its inclusion of Lot 23.

36. On May 14, 2019, the Court issued an Amended Judgment of Foreclosure, requiring the foreclosure sale to go forward only against Lot 24, and refusing to reform the mortgage to provide for both lots.

37. As a result of the May 14, 2019 Order, Deutsche Bank suffered a "loss" as that term is defined in the Policy, as a result of the title to the Property being vested otherwise than stated, that is, 23 Hemlock Drive, Mastic Beach, New York, which includes both Lots 23 and 24.

38.     On April 1, 2021, Deutsche Bank's counsel directed a letter to Stewart to request that it pay the loss under the Policy. A true and correct copy of the April 1, 2021 letter is attached hereto as Exhibit "E".

39.     On July 14, 2021, Stewart refused to pay the loss suffered by Deutsche Bank, claiming, among other things, that despite the correct address for the Property, the "only property insured by the Policy is the property set forth in the legal description in Schedule A of said policy" and therefore, "[t]he Policy did not insure Lot 23." A copy of the July 14, 2021 Letter is attached hereto as Exhibit "F".

40.     Deutsche Bank believes the Policy should respond and pay the loss suffered as a result of the May 14, 2019 Order, which prevented Deutsche Bank from proceeding at foreclosure sale against Lot 23.

41.     On the other hand, Stewart believes that the Policy does not cover the loss.

42.     There exists an actual and justifiable controversy between Deutsche Bank and Stewart regarding: (i) whether the Policy covers the loss sustained by Deutsche Bank; and (ii) whether Deutsche Bank is entitled to be indemnified for its loss.

43.     Accordingly, Deutsche Bank seeks an order determining: (i) Stewart is required to pay Deutsche Bank for the loss it sustained under the Policy; (ii) that Stewart is required to pay Deutsch Bank its loss; and (iii) that Stewart is required to take other action as required under the Policy.

## COUNT II – BREACH OF CONTRACT

44.     Deutsche Bank incorporates by reference the allegations above as though more fully set forth herein at length.

45. There is currently due and owing under the Note and Mortgage, minus the value of Lot 24 a sum in excess of the Policy's limits of $210,000.

46. Stewart has breached its contractual obligations to Deutsche Bank as alleged herein, including those set forth in the Policy, by its failure to acknowledge, accept or undertake fully its obligations to pay and determine Deutsche Bank's loss suffered under the Policy.

47. As a direct and proximate result of Stewart's breach of contract, which are continuing at least to the date of this Complaint, Stewart has deprived Deutsche Bank of the benefits of insurance coverage for which Stewart was paid a premium.

48. Deutsche Bank has complied with and fully performed all applicable terms, and conditions under the policy that was issued or required to be issued.

49. In the alternative, the performance of or compliance with such duties, terms and conditions has been waived or excused by the conduct of Stewart.

50. As a direct and proximate result of Stewart's breach of contract, Deutsche Bank has sustained damages recoverable against Stewart in an amount in excess of $75,000, including the cost of this suit and attorney's fees.

## PRAYER

WHEREFORE, Deutsche Bank prays for judgment as follows:

A. On Count I, entering an order stating: (i) Stewart is required to pay Deutsche Bank for the loss it sustained under the Policy; (ii) that Stewart is required to pay Deutsche Bank's loss; and (iii) that Stewart is required to take other action as required under the Policy.

B. On Count II, entering judgment in favor of Deutsche Bank and against Stewart for breach of contract in an amount in excess of $75,000.00; plus court costs and attorneys' fees.

C. As to each Count, attorneys' fees and costs as allowed by law.

D. Awarding Deutsche Bank interest for all amounts awarded as to each Count.

E. As to each Count, such other and further relief as the Court deems just and proper.

**DUANE MORRIS LLP**

  /s/ Brett L. Messinger
By: Brett L. Messinger
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1508
blmessinger@duanemorris.com
*Attorney for Plaintiff*

Dated: October 31, 2022